ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>    Peticionario<br><br>v.<br><br>JOSÉ R. ORTIZ SOLIS<br>    Recurrido | **KLCE202400247** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Guayama<br><br>Civil Núm.: PA2023CV00253<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

**<u>RESOLUCIÓN</u>**

En San Juan, Puerto Rico a 11 de marzo de 2024.

Comparece ante este foro Island Portfolio Services, LLC. (Island Portfolio o "parte peticionaria") como agente de Fairway Acquisitions Fund LLC., y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, la cual fue notificada el 23 de febrero de 2024. En virtud de esta, el foro primario ordenó a la parte peticionaria que cumpliera con la sanción de $100.00 impuesta el 31 de enero de 2024. Como consecuencia de no informar las gestiones realizadas para que el foro *a quo* pudiera adquirir jurisdicción sobre el Sr. José Ortiz Solis (señor Ortiz o "el recurrido").

Por los fundamentos que expondremos a continuación, **DENEGAMOS** el recurso de *certiorari* solicitado.

**I.**

El 26 de octubre de 2023, Island Portfolio presentó una *Demanda* sobre cobro de dinero al amparo del procedimiento sumario dispuesto en la Regla 60 de

Número Identificador
RES2024 _____

Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra del señor Ortiz.[1] Como remedio, solicitó que se ordenara al recurrido a satisfacer la suma de $13,451.51, deuda que alegan está vencida, líquida y exigible.

Posteriormente, el 11 de diciembre de 2023, la parte peticionaria presentó *Moción Sometiendo Documentos*.[2] Mediante la cual, anejo como evidencia el recibo de correo certificado que acreditaba el envío de la Notificación-Citación al recurrido, sin embargo, esta no había sido reclamada.

Luego de varias incidencias procesales, el 21 de diciembre de 2023, fue celebrada la vista del caso, a la cual compareció Island Portfolio a través de su representante legal.[3] Sin embargo, el recurrido no compareció, pues la notificación-citación no había sido diligenciada. Por consiguiente, el foro primario ordenó la conversión al proceso ordinario, y le solicitó a la parte peticionaria que presentara un proyecto de emplazamiento personal. A su vez, le concedió hasta el 26 de enero de 2024 para que informara las gestiones realizadas para emplazar personalmente al señor Ortiz.

En cumplimiento con dicha orden, el 22 de diciembre de 2023, Island Portfolio presentó el proyecto de emplazamiento dirigido al señor Ortiz.[4] Por lo tanto, el 28 de diciembre de 2023, el foro primario ordenó que fuera expedido el emplazamiento.[5]

No obstante, el 31 de enero de 2024, el foro *a quo* emitió una *Orden*, mediante la cual dispuso lo siguiente:

---

[1] *Demanda*, anejo I, págs. 1-18 del apéndice del recurso.
[2] *Moción Sometiendo Documentos*, anejo VI del apéndice del recurso.
[3] *Resolución y Orden Conversión y Emplazamiento*, anejo XI, págs. 35-37 del apéndice del recurso.
[4] *Moción en Cumplimiento de Orden*, anejo XII, pág. 38 del apéndice del recurso.
[5] *Orden*, anejo XIV, pág. 43 del apéndice del recurso.

"[e]xaminados los autos, la parte demandante no ha cumplido con lo ordenado el pasado 21 de diciembre de 2023. Se sanciona en $100.00 dólares. Tiene hasta el **2 de febrero de 2024** para cumplir con la sanción y lo ordenado."

En desacuerdo, el 1 de febrero de 2024, Island Portfolio presentó una *Moción en Reconsideración e Informativa*.[6] En síntesis, arguyó que han sido diligentes y han cumplido con las órdenes emitidas por el Tribunal. A su vez, reconocieron que no le habían informado las gestiones realizadas para emplazar al señor Ortiz, puesto que, durante el periodo navideño las operaciones de la oficina habían reducido. No obstante, esbozaron que habían cursado los emplazamientos a la emplazadora.

El 2 de febrero de 2024, el foro primario emitió y notificó una resolución.[7] Mediante el referido dictamen, el foro *a quo,* declaró *No Ha Lugar* a la reconsideración. A su vez, expresó lo siguiente:

> La parte demandante no ha podido describir una sola gestión específica para que el Tribunal adquiera jurisdicción sobre la parte demandada. Ante ello, este tribunal llega a la conclusión que luego de **44 días** de emitida la *Orden* la parte demandante no ha hecho gestión alguna. Le aclaramos a la parte demandante que este Tribunal no está acortándole términos para emplazar. Solo está solicitando a dicha parte diligencia la cual, hasta el momento, no ha habido. El Tribunal no está para entretener los casos.
>
> Por ello, ordenamos a la parte demandante a que informe el 16 de febrero de 2024 las gestiones específicas conducentes para que el Tribunal adquiera jurisdicción sobre la parte demandada y la sanción impuesta. Un nuevo incumplimiento de lo ordenado conllevará una sanción de $200.00 dólares. Queda advertido.

---

[6] *Moción en Reconsideración e Informativa*, anejo XVII, págs. 48-50 del apéndice del recurso.
[7] *Resolución NHL reconsideración y nuevo término para cumplir*, anejo XVIII, págs. 51-52 del apéndice del recurso.

Consecuentemente, el 5 de febrero de 2024, la parte peticionaria presentó una moción informado que el señor Ortiz había sido emplazado conforme a derecho el 2 de febrero de 2024.[8]

El 23 de febrero de 2024, el foro primario notificó una *Orden,* mediante la cual dispuso que la parte peticionaria no había cumplido con la sanción impuesta el 31 de enero de 2024.[9]

Inconforme, el 28 de febrero de 2024, Island Portfolio presentó el *certiorari* de epígrafe, mediante el cual sostuvo el siguiente señalamiento de error:

> Incidió el Honorable Tribunal de Primera Instancia y abusó de su discreción al sancionar a la parte demandante luego de condicionar el trámite para diligenciar el emplazamiento a la parte demandada, contrario a lo establecido por el Tribunal Supremo de Puerto Rico.

El 28 de febrero de 2024, emitimos una *Resolución* mediante la cual le concedimos cinco (5) días a la parte recurrida para comparecer por escrito a presentarnos su postura. Transcurrido el referido término, el recurrido no compareció. Así, declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de la cuestión planteada, sin necesidad de trámites ulteriores.

**II.**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra

---

[8] *Aviso al Expediente Judicial*, anejo XIX, pág. 53 del apéndice del recurso.
[9] *Orden*, anejo XXI, pág. 58 del apéndice del recurso.

enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I*, supra; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIG*, supra. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
> (2) en asuntos relacionados a privilegios evidenciarios,
> (3) en casos de anotaciones de rebeldía,
> (4) en casos de relaciones de familia,
> (5) en casos revestidos de interés público o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *McNeil Healthcare v. Mun. Las Piedras I*, supra.

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *McNeil Healthcare v. Mun. Las Piedras I,* supra, pág. 404; *800 Ponce de León v. AIG,* supra. Para ello, la Regla 40 de nuestro Reglamento

establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de certiorari. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Un *certiorari* sólo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

### III.

Conforme a la Regla 52.1 de Procedimiento Civil, *supra*, este Tribunal tiene jurisdicción para atender el presente recurso por recurrirse de un dictamen interlocutorio del Tribunal de Primera Instancia. Sin embargo, luego de revisar el expediente ante nuestra consideración y a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, concluimos que este caso no amerita nuestra intervención.

En el caso de autos, Island Portfolio alega que, el foro de instancia abusó de su discreción al condicionar el trámite para diligenciar el emplazamiento al recurrido. Por lo tanto, sostienen que la decisión es contraria en derecho, y procedería la revocación de la Orden recurrida.

A tenor con lo expuesto, determinamos que el presente caso no amerita nuestra intervención en esta etapa de los procedimientos. Por consiguiente, denegamos expedir el presente recurso de *certiorari* basado en los criterios de la Regla 40 de nuestro Reglamento. La parte peticionaria, no demostró que el foro primario hubiese incurrido en abuso de discreción, aplicado incorrectamente el derecho, o alguna otra razón que justifique nuestra intervención con su criterio.

### IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones